UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRET DUANE HANNAM, | Civil No. 09-2724 (JMR/SRN) |
| Petitioner, v. | **REPORT AND RECOMMENDATION** |
| CONNIE ROERICH, Warden, and JOAN FABIAN, Commissioner, | |
| Respondents. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2006, Petitioner was arrested at his mother's house for a probation violation. As Petitioner was being escorted away from the house, his sister entered a nearby camper where Petitioner was then residing. When the sister opened the door of the camper, one of the arresting officers noticed a firearm inside the camper. Petitioner was subsequently charged with several counts of illegally possessing a firearm. Before Petitioner went to trial on the charges, he brought a motion to suppress the evidence found in his camper.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner claimed that the officer who found that evidence violated the Fourth Amendment, by searching the camper without a warrant, and without any valid legal grounds to conduct a warrantless search.

Petitioner's suppression motion was denied, and a jury later found him guilty of violating state firearm possession laws. Petitioner was sentenced to 60 months in prison, and he was serving his sentence at Minnesota Correctional Facility in Faribault, Minnesota, when he filed his current habeas corpus petition.[2]

After Petitioner was convicted and sentenced, he filed a direct appeal. Petitioner again raised his Fourth Amendment arguments, and claimed that the trial court had wrongly denied his suppression motion. Petitioner's appellate counsel raised several Fourth Amendment arguments, and Petitioner himself filed a separate pro se brief that raised additional challenges to the evidence obtained from his camper. Petitioner also challenged the propriety of his sentence.

The Minnesota Court of Appeals rejected all of Petitioner's Fourth Amendment arguments on the merits, and affirmed his conviction. His sentence, however, was vacated, and the case was remanded to the trial court for re-sentencing. State v. Hannam, No. A08-0473 (Minn.App. 2009), 2009 WL 1311587 (unpublished opinion), rev. denied, Aug. 11, 2009. Petitioner raised his Fourth Amendment arguments once again in a petition for further review in the Minnesota Supreme Court, but that petition was summarily denied. Id.

---

[2] It is unclear whether Petitioner is still in prison, or whether he is currently on some form of supervised release. However, Petitioner's current custody status has no bearing on the disposition of the present petition.

2

On October 2, 2009, Petitioner filed his current federal habeas corpus petition. The petition includes a "Habeas Memorandum," which plainly states that "Petitioner is only seeking review of the validity of the warrantless search of his camper." (Petition, [Docket No. 1], p. 8, "Habeas Memorandum.") Petitioner presumably is attempting to present the same Fourth Amendment claims that he raised in his pre-trial suppression motion, and again in his state court appeals.[3] For the reasons discussed below, the Court finds that Petitioner cannot be granted habeas corpus relief on his illegal search and seizure claim, and that his petition must be summarily dismissed with prejudice.

## II. DISCUSSION

Petitioner's Fourth Amendment claims are barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482.

"[A] Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that

---

[3] If Petitioner were attempting to present any claims other than the Fourth Amendment claims that he raised in the Minnesota state courts, those claims would have to be summarily dismissed. Federal habeas corpus review is available only for federal constitutional claims that have been fairly presented to, and decided on the merits by, the highest available state court. 28 U.S.C. 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Therefore, the only claims that can be considered in the present habeas corpus proceeding are those claims that were previously raised in the state courts. If Petitioner were raising any new claims here, they would be barred by the exhaustion of state court remedies requirement.

procedure because of an unconscionable breakdown in the system."  Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994), cert. denied, 514 U.S. 1052 (1995).  See also, Poole v. Wood, 45 F.3d 246, 249 (8th Cir. 1995), cert. denied, 515 U.S. 1134 (1995).  "[A] 'mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process.'"  Chavez v. Weber, 497 F.3d 796, 802 (8th Cir. 2007), quoting Capellan v. Riley, 975 F.2d 67, 72 (2nd Cir. 1992).

The determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' fact-finding process, or a review of the state courts' application of Fourth Amendment law.  Willett, 37 F.3d at 1272. To the contrary, federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation."  Id. at 1273 (emphasis in the original).  On federal habeas review, the "inquiry focuses on whether [the petitioner] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred."  Chavez, 497 F.3d at 802.

The Court finds that the rule of Stone v. Powell is clearly applicable here.  The record shows that Petitioner had ample opportunities to present his Fourth Amendment claims in his state court proceedings.  The trial court conducted a pre-trial hearing on Petitioner's Fourth Amendment claims, and found those claims to be unsustainable.  The Minnesota Court of Appeals also reviewed Petitioner's claims, and explained why they were properly rejected by the trial court.  Hannam, 2009 WL 1311587 at *1.  Thus, Petitioner not only had an opportunity to present his Fourth Amendment claims in the state courts, but those claims actually were raised, considered, discussed and adjudicated on the merits,

4

in both the trial court, and in the Minnesota Court of Appeals. Furthermore, Petitioner had yet another opportunity to present his Fourth Amendment claims in his petition for further review in the Minnesota Supreme Court.

In Poole, supra, the Eighth Circuit Court of Appeals found that Minnesota law provides ample opportunities for a Minnesota state criminal defendant to raise Fourth Amendment challenges. 45 F.3d at 249. This Court makes the same finding here. Therefore, in this case, as in Poole, Petitioner may not "relitigate" his Fourth Amendment claims in a federal habeas proceeding. Id.

## III. CONCLUSION

The Court concludes that Petitioner did receive a full and fair opportunity to present his Fourth Amendment claims in the Minnesota state courts, and, accordingly, Stone v. Powell precludes him from seeking federal habeas review of those claims. The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

## IV. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's habeas corpus petition, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: October 14, 2009

       s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 29, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.